## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| Stelita Cheatam, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:24-cv-25 |
| Capital One Bank, N.A.; and | § § | |
| Experian Information Solutions, Inc., | § § | |
| Defendants. | § § | |

# COMPLAINT

## INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is a resident of Osceola County, Florida.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Defendant Capital One Bank, N.A. is a furnisher of consumer credit information to consumer reporting agencies.

7.    Defendant Experian Information Solutions, Inc. engages in the business of maintaining and reporting consumer credit information for profit.

8.    Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

<strong><u>F<small>ACTUAL</small> A<small>LLEGATIONS</small> C<small>OMMON TO</small> A<small>LL</small> C<small>OUNTS</small></u></strong>

9.    Upon information and belief, Plaintiff's personal information was used without her knowledge to open credit accounts in her name without her knowledge and make charges without her authorization.

10.    These accounts include one reported by Capital One, with account number beginning 5156*, listing a credit limit of $10,000 (the "Account").

11.    In or about August 2023, Plaintiff obtained a copy of her credit report from Experian.

12.    Upon review, Plaintiff observed that Capital One was reporting the Account as owed on her report.

13.    The false information regarding the Account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

14.    Experian published the false information regarding the Account to third parties.

<strong><u>W<small>RITTEN</small> D<small>ISPUTE</small></u></strong>

15.    On or about August 28, 2023, Plaintiff sent a written letter to Experian disputing the inaccurate information regarding the Account reporting on Plaintiff's

consumer report, including a copy of an FTC identity theft report, and also requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

16.    Upon information and belief, Experian forwarded Plaintiff's dispute to Capital One for reinvestigation.

17.    Upon information and belief, Capital One received notification of Plaintiff's dispute from Experian.

18.    Capital One failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

19.    Experian failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

20.    Capital One failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

21.    Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

22.    Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

23.    At no point after receiving Plaintiff's dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## C<span></span>OUNT I – Capital One

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

24.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

25.     After receiving the dispute, Capital One failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

26.     Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

27.     As a result of this conduct, action, and inaction of Capital One, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

28.     The conduct, action, and inaction of Capital One was willful, entitling Plaintiff to recover punitive damages under 15 U.S.C. § 1681n.

29.     In the alternative, the conduct, action, and inaction of Capital One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

30.    Plaintiff is entitled to recover costs and attorneys' fees from Capital One pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

31.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

32.    After receiving Plaintiff's dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

33.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

34.    As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35.    The conduct, action, and inaction of Experian was willful, entitling Plaintiff to recover punitive damages under 15 U.S.C. § 1681n.

36.    In the alternative, the conduct, action, and inaction of Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

37.    Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## C<small>OUNT</small> III – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

38.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39.    After receiving Plaintiff's dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

40.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

41.    As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42.    The conduct, action, and inaction of Experian was willful, entitling Plaintiff to recover punitive damages under 15 U.S.C. § 1681n.

43.    In the alternative, the conduct, action, and inaction of Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

44.    Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.    Trial by jury.

2.    Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.    Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.    The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.    Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: January 4, 2024

_/s/ Trescot Gear_
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320

Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff